IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert C. Rigsby, | : | Civil Case No. 2:12-cv-0242 |
| Petitioner | : | Criminal No. 2:10-cr-0083 |
| v. | : | Judge Marbley |
| United States of America, | : | Magistrate Judge Abel |
| Respondent | : | |

# Report and Recommendation

Petitioner Robert C. Rigsby, a prisoner at FCI Fort Dix, brings this action for writ of habeas corpus under 28 U.S.C. §2255. This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2255 Cases in United States District Courts.

The petition alleges that on August 13, 2010, petitioner Rigsby was convicted of possession of child pornography in the United States District Court for the for the Southern District of Ohio. He was sentenced to a term of 60 months in prison and 5 years supervised release.

The petition alleges that petitioner filed a notice of appeal. On November 9, 2011, the United States Court of Appeals for the Sixth Circuit issued a decision affirming the judgment of conviction.

Petitioner alleges that his conviction violated the United States Constitution because:

    A.    Court failed to adhere to the Americans with Disabilities Act and therefore caused violations of Defendant Rigsby's right to due process and constitutional protections.

    B.    At sentencing the Court failed to consider all relevant factors of this particular case and thereby failed as per the terms and conditions of §3553(a) relating to sentencing.

    C.    Court failed to consider the required sentencing factors due to tthe discrimination and indifference by the Court as to the needs of the defendants, Robert Rigsby, in this case.

    D.    The Court did, at sentencing, fail to properly conduct the allocution of the Defendant in this case, Robert Rigsby.

Most of these claims were raised on direct appeal, and all of them could have been. Claims that were or could have been raised on direct appeal may not be raised in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Those claims are procedurally defaulted. A motion to vacate sentence under §2255 may not serve as a substitute or a supplementary proceeding for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982). A defaulted claim cannot be raised on a §2255 motion unless a petitioner can demonstrate "cause" for each failure to raise the claim and "actual prejudice" resulting from the error. *Murry v. Carrier*, 477 U.S. 478, 485 (1986). Here petitioner does not allege either cause for his default or resulting prejudice.

As the Court of Appeals pointed out, the Guideline sentence for Rigsby's crime was 135 to 168 months. The Guideline range was reduced to ten years, because that is the statutory maximum sentence for possession of child pornography. The government moved for a downward departure under USSG §5K1.1, resulting in a Guideline range of 87 to 108 months. Rigsby argued on appeal that he was denied the right of allocution, that his sentence did not consider his depression and hearing loss, and that his sentence was much greater than that received by another defendant with a disability convicted of the same charge. The Court of Appeals affirmed the judgment and sentence.

Ground One, that the Court violated the Americans with Disabilities Act during sentencing because available auxilliary aids were not used to assist him in hearing what was said during sentencing, is not supported by the record and was, in substance, rejected by the Sixth Circuit. Rigsby knew that assistive devices were available in the courtroom. Transcript of April 30, 2010 Plea Proceeding, Doc. 20, PageID ## 78-79. The Court was aware of his deafness. Both the Court and defendant's counsel clearly instructed Rigsby to let them know anytime he did not hear what somebody was saying. Transcript of August 13, 2010 Sentencing Proceeding, Doc. 21, PageID # 109. When testimony taken, the Court again enquired whether Rigsby could hear what was being said. Rigsby responded that he could hear. *Id.,* PageID # 117. During the lengthy guilty plea proceeding, Rigsby was able to understand the Court's questions and respond appropriately. The Court of Appeals found:

> Rigsby suffers from a hearing impairment. He has no hearing in his left ear, but he has a cochlear implant in his right ear. He does not know sign language, but he can read lips. Review of the transcripts reveals that Rigsby was able to participate in the plea proceedings and sentencing.

November 9, 2011 Decision, Doc. 28, PageID # 159.

Grounds Two and Three should have been raised on direct appeal. Related claims were raised on direct appeal. These claims are now procedurally barred from review in postconviction relief. Ground Four was adjudicated in Rigsby's direct appeal.

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge